IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PRISCILLA JEAN HAMPTON                                                                    PLAINTIFF

vs.                                         Civil No. 1:12-cv-01084

CAROLYN W. COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Priscilla Jean Hampton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff protectively filed her disability applications on January 29, 2009 (DIB) and on February 9, 2009 (SSI). (Tr. 40, 125-131). Plaintiff alleges being disabled due to a hernia, vomiting, stomach problems, and acid reflux. (Tr. 144). Plaintiff states she is "unable to function when I have a spell." *Id.* Plaintiff alleges an onset date of July 2, 2004. (Tr. 40, 125, 128). These applications were denied initially and again upon reconsideration. (Tr. 76-79).

1

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 95-110). Plaintiff's administrative hearing was held on August 25, 2010 in Pine Bluff, Arkansas. (Tr. 57-75). Plaintiff was present and was represented by counsel, Mary Thomason, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified at the hearing in this matter. *Id.* At this hearing, Plaintiff testified she was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 62). Plaintiff also testified that she completed the eleventh grade in high school but never obtained her GED. *Id.*

On December 2, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 37-52). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2009. (Tr. 43, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 2, 2004, her alleged onset date. (Tr. 43, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension, gastritis, cyclic vomiting syndrome, and depression. (Tr. 43-44, Finding 4). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 44-45, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 45-50, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the

> claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). Mentally, the claimant is restricted to jobs, which involve simple tasks, simple instructions and incidental contact with the public.

*Id.* Pursuant to 20 C.F.R. §§ 404.1567(b) and 416.967(b), "light work" involves the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 50, Finding 7). The ALJ also determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 51-52, Finding 11). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified that a hypothetical person with Plaintiff's limitations retained the capacity to perform light, unskilled occupations such as a small products assembler with 40,000 such jobs in Arkansas, 150,000 such jobs in the region, and 1,800,000 such jobs in the nation; and a small parts packer with 5,000 such jobs in Arkansas, 20,000 such jobs in the region, and 550,000 such jobs in the nation. *Id.* In accordance with that finding, the ALJ determined Plaintiff had not been under a disability as defined in the Act from July 2, 2004 through the date of his decision or through December 2, 2010. (Tr. 52, Finding 12).

On December 14, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 33-35). On June 28, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-4). On July 18, 2012, Plaintiff filed the present appeal.

ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (A) the ALJ erred in failing to consider the combined effects of her medical conditions; (B) the ALJ erred by failing to properly consider the credibility of her subjective complaints; and (C) the ALJ erred in posing his hypothetical to the VE. ECF No. 7 at 1-17. The Court will address each of the three arguments Plaintiff has raised.

    A.    **Consideration of Impairments**

Plaintiff raises several claims regarding the ALJ's evaluation of her impairments in

combination. ECF No. 7 at 12-15. First, Plaintiff claims the ALJ failed to consider the findings of Dr. Charles Spellman that she was of "borderline intelligence." *Id.* at 13. Plaintiff, however, did not allege she was disabled due to borderline intelligence in her applications or at the hearing in this matter. (Tr. 65, 144). Accordingly, the ALJ was under no obligation to investigate this claim further. *See Gregg v. Barnhart,* 354 F.3d 710, 713 (8th Cir. 2003).

Second, Plaintiff claims the ALJ incorrectly determined her osteoarthritis was non-severe. ECF No. 7 at 13. Plaintiff, however, offers no medical evidence establishing her osteoarthritis is a severe impairment. *Id.* The only medical evidence Plaintiff cites in support of her argument is one medical record dated November 5, 2009 from Dr. Dichelle George, M.D. wherein he noted Plaintiff was complaining of right knee pain that has lasted approximately one month. (Tr. 758-759). This one record does not establish that Plaintiff's osteoarthritis is a severe impairment. Thus, the Court finds the ALJ did not err in finding her osteoarthritis was non-severe.

Third, Plaintiff claims the ALJ did not properly evaluate her cyclic vomiting syndrome. ECF No. 7 at 13-14. Plaintiff claims this syndrome would cause her to be excessively absent from work. *Id.* Specifically, as an example, Plaintiff references the fact that in 2008 alone, she was treated twenty times for abdominal pain, vomiting, and dehydration. *Id.* Plaintiff claims that she "would not be able to work in any type of job missing that many days." *Id.* Despite this claim, Plaintiff's medical records demonstrate that in 2009, her cyclic vomiting syndrome was being controlled with the medication Imipramine. (Tr. 684). Indeed, her physician noted that she had only one episode of cyclic vomiting syndrome in the past six months after taking Imipramine. *Id.* Impairments that are controlled with medication are not disabling. *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007). Accordingly, the Court cannot find the ALJ erred in evaluating her cyclic vomiting

syndrome.

Fourth, Plaintiff claims the ALJ did not fully evaluate her limited education. ECF No. 7 at 14. However, in his hypothetical to the VE, he included a consideration of Plaintiff's education level. (Tr. 72). Accordingly, there is no indication the ALJ erred on this point. As a final point, Plaintiff claims the ALJ erred in failing to include her description of her limitations in his hypothetical to the VE. ECF No. 7 at 15. This is a question of credibility that will be addressed in the next section of this opinion.

### B.      Credibility Determination

Plaintiff claims the ALJ erred in evaluating her subjective complaints. ECF No. 7 at 15-16. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. First, the ALJ fully evaluated Plaintiff's allegations of disabling limitations. (Tr.45-50). Second, the ALJ discounted those subjective complaints for legally-sufficient reasons. *Id.* Specifically, the ALJ noted the following: (1) Plaintiff retains the ability to perform a number of household chores, including cooking; (2) Plaintiff retains the ability to walk a half mile at a time and can lift or carry a bag of groceries weighing 20 pounds; (3) Plaintiff reported raising her two teenaged grandchildren; and (4) Plaintiff was non-compliant with medication therapy and failed to attend follow-up visits.[2] *Id.* Based upon these facts, the Court finds the ALJ provided sufficient

---

[2] Plaintiff claims her failure to seek consistent medical treatment is excused because she could not afford that treatment. ECF No. 7 at 16. However, a failure to seek medical treatment is not excused where there is no evidence the claimant told his or her physician that he or she could not afford the medication or treatment at issue or had been denied medication or treatment because of an inability to afford that medication or treatment. *See, e.g.,*

reasons for discounting Plaintiff's subjective complaints, and his credibility determination should be affirmed. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### C.　ALJ's Hypothetical to the VE

Plaintiff claims the ALJ provided an improper hypothetical to the VE that did not include all of her limitations. ECF No. 7 at 16-17. Plaintiff claims the limitations the ALJ provided to the VE–and relied upon to support his decision– do not reflect her limitations. *Id.* However, the ALJ provided the RFC determination that is outlined above to the VE. (Tr. 51-52). Further, as explained above, the Court has found no basis for reversing the ALJ's RFC determination. Accordingly, because the ALJ provided the proper limitations in his hypothetical to the VE, the Court finds the VE's testimony was sufficient at Step Five of this analysis. *See Starr v. Sullivan,* 981 F.2d 1006, 1008 (8th Cir. 1992) (holding "[a] vocational expert's response to a hypothetical question provides substantial evidence where the hypothetical question sets forth with reasonable precision the claimant's impairments").

### 4.　Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ denying benefits to Plaintiff is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

*Johnson v. Bowen,* 866 F.2d 274, 275-76 (8th Cir. 1989). Thus, the Court finds Plaintiff's bare claim that she could not afford treatment does not excuse her failure to seek such treatment.

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

     **ENTERED this 17th day of May 2013.**

                                                   /s/ Barry A. Bryant
                                                   HON. BARRY A. BRYANT
                                                   U.S. MAGISTRATE JUDGE